IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

No. 03:12-cv-02105-HZ

                    Plaintiff,

OPINION & ORDER

        v.

ACCESS EQUIPMENT RENTAL, LLC,
JAMES CAUTHORN, and CINDY
CAUTHORN,

                    Defendants.


Jan D. Sokol
Jesse C. Ormond
STEWART SOKOL & GRAY, LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047

        Attorneys for Plaintiff

///

///

James Cauthorn, Pro Se
4790 NW Walnut Blvd.
Corvallis, OR 97330

      Attorney for Defendant

HERNANDEZ, District Judge:

      Plaintiff North American Specialty Insurance Company ("NASIC") moves for partial summary judgment on its breach of contract claim against Defendant James Cauthorn. NASIC alleges that Cauthorn failed to indemnify NASIC for costs incurred in relation to a bond that NASIC posted on behalf of Cauthorn. I agree that Cauthorn failed to indemnify NASIC, and that this failure constitutes a material breach of contract. Therefore, I grant NASIC's motion.

## BACKGROUND

      Defendant James Cauthorn was the president of Pok Wan Contracting, Inc. when he entered into an indemnity agreement with Plaintiff NASIC in 2003. Decl. Brian J. Golbach Supp. Pl.'s Mot. Partial Summ. J. ("Golbach Decl.") ¶ 3, Ex. 2 at 3. NASIC, as surety, and Pok Wan, as principal, posted a payment bond ("Bond") to the State of Oregon in connection with public roadway improvements in Lincoln City, Oregon. Memo. Supp. Pl.'s Mot. Partial Summ. J. 2. Cauthorn, in his role as president of Pok Wan and as an individual indemnitor, agreed to indemnify NASIC against all loss, costs, attorney's fees, and expenses incurred by NASIC due to posting the Bond. Golbach Decl. ¶ 3, Ex. 2 at 3-4.

      In 2007, Cauthorn and NASIC executed another indemnity agreement. Golbach Decl. Ex. 3. Access Equipment Rental, LLC, also a defendant in this case, was a party to the 2007 agreement. Id. Cauthorn signed as president of Pok Wan, a member of Access Equipment, and as an individual indemnitor. Id. at 3-5.

2 - OPINION & ORDER

In 2012, Retaining Walls Northwest, Inc. obtained a judgment against Pok Wan and NASIC in the Circuit Court of Lincoln County, Oregon, regarding the subject matter of the Bond. Golbach Decl. Ex. 4. NASIC settled Retaining Walls' claim for $370,000. Golbach Decl. ¶ 5. NASIC then made a demand on Cauthorn for indemnity. Id. at ¶ 6, Ex. 5. Cauthorn did not indemnify NASIC. Id. at ¶ 6.

NASIC filed a Complaint against Defendants James Cauthorn; his wife, Cindy Cauthorn; and Access Equipment Rental, LLC. The Complaint requests specific enforcement of the two indemnity agreements and damages for breach of contract. Compl. ¶¶ 6-17. NASIC filed a motion for partial summary judgment on its breach of contract claim against James Cauthorn and Access Equipment. Dkt. #10. However, only James Cauthorn has properly appeared.[1] Thus, I construe this motion against him only. Cauthorn did not file a response to NASIC's motion.

**STANDARD**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts"

---

[1] Cauthorn had filed an Answer on behalf of Access Equipment, but the Answer was stricken because Cauthorn cannot represent Access Equipment. See Jan. 14, 2013 Order, Dkt. #14. NASIC later moved for entry of default against Defendants Access Equipment and Cindy Cauthorn. Dkt. #18. The motion was granted. Feb. 21, 2013 Order, Dkt. #21.

showing a "genuine issue for trial." <u>Fed. Trade Comm'n v. Stefanchik</u>, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. <u>Celotex</u>, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. <u>Suever v. Connell</u>, 579 F.3d 1047, 1056 (9th Cir. 2009). The court views inferences drawn from the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. <u>Long v. City & County of Honolulu</u>, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I.    Material Breach of Contract

Under Oregon law, "[a] breach is material if it goes to the very substance of the contract and defeats the object of the parties entering into the contract." <u>Bisio v. Madenwald</u>, 576 P.2d 801, 804 (Or.App.1978). Normally, "[t]he interpretation of a contract is a mixed question of law and fact." <u>Miller v. Safeco Title Ins. Co.</u>, 758 F.2d 364, 367 (9th Cir.1985). However, where the facts are undisputed, whether a breach is material is a question of law, and may be appropriately resolved on summary judgment. See <u>Fireman's Fund Ins. Co. v. Nizdil</u>, 709 F. Supp. 975, 977 (D. Or. 1989) (summary judgment granted when defendant failed to reimburse plaintiff as required by indemnification agreement). When a defendant refuses to reimburse a plaintiff for payments on claims against bonds, as required by the plain language of an indemnity agreement, "such refusal constitutes material breach" because it "substantially undermines the basis [of] the

agreement." <u>Ins. Co. of the W. v. Kuenzi Commc'ns</u>, No. 09-6102-AA, 2009 WL 2731349, at *3 (comparing the breach to a defendant's failure to pay rent under a commercial lease agreement).

Here, Cauthorn agreed in two indemnity agreements to exonerate, hold harmless, and indemnify NASIC from any "liability, loss, costs, damages, fees of attorneys and consultants, and other expenses, including interest" connected to the execution of the Bond. Golbach Decl. ¶ 3, Ex. 2, 3. The agreements included indemnification for any costs or liabilities "incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments" against the Bond. <u>Id.</u>

After NASIC settled with Retaining Walls Northwest for the claim against the Bond, Cauthorn failed to pay NASIC for the costs incurred in the settlement. <u>Id.</u> at ¶ 6. The purpose of the indemnity agreements was for Cauthorn to reimburse NASIC for any costs incurred in the Bond execution. By refusing to reimburse NASIC for settling the Retaining Walls case, Cauthorn materially breached the agreements.

## II.     Remedy for Breach of Contract

When a contract has been materially breached, the injured party "should receive an amount of money that would place him or her, as nearly as possible, in the same position as if the contract has been specifically performed as agreed." <u>Cameron v. Benson</u>, 664 P.2d 412, 414 (1983) (citation omitted). If contractual language clearly and expressly provides that a party will be indemnified for a particular loss, the inquiry ends and the provision is enforced. <u>Blanchfill v. Better Builds, Inc.</u>, 982 P.2d 53, 57 (1999).

NASIC settled the claim with Retaining Walls for $370,000. Golbach Decl. ¶ 5. The indemnity agreements clearly and expressly provide that Cauthorn will indemnify NASIC for any costs incurred in such a settlement. <u>Id.</u>, Ex. 2, 3. Therefore, Cauthorn is liable for damages to

NASIC in the amount of $370,000.00 for settling Retaining Walls' claims, in addition to

reasonable attorney's fees and costs.

## CONCLUSION

Based on the reasons above, Plaintiff NASIC's motion for partial summary judgment [#

10] is granted.

IT IS SO ORDERED.

Dated this _____15_____ day of March, 2013.


_____
MARCO HERNANDEZ
United States District Judge