IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

                Plaintiff,

    v.

ACCESS EQUIPMENT RENTAL, LLC,
and JAMES CAUTHORN, and CINDY
CAUTHORN,

                Defendants.

No. 3:12-cv-02105-HZ

OPINION & ORDER

Jan D. Sokol
Jesse C. Ormond
STEWART SOKOL & GRAY, LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047

       Attorneys for Plaintiff

/ / /
/ / /
/ / /

1 - OPINION & ORDER

James Cauthorn, Pro Se
4790 NW Walnut Blvd.
Corvallis, OR 97330

    Attorney for Defendant

HERNANDEZ, District Judge:

    I previously granted a default judgment against Defendant Access Equipment Rental, LLC and granted summary judgment against Defendant James Cauthorn for breach of contract. Dkt. # 22, 26.  A judgment entered against Defendants in the amount of $370,000.00, in addition to reasonable attorney's fees and costs.  Dkt. #26.  Plaintiff North American Specialty Insurance Company ("NASIC") now moves for an award of attorney fees [#27].  Defendants did not oppose the motion.  For the reasons stated below, I grant the motion.

## DISCUSSION

    In determining a reasonable attorney's fee, the district court first calculates the lodestar by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  Rouse v. Law Offices of Rory Clark, 603 F.3d 699, 704 (9th Cir. 2010) ("'lodestar method' is the fundamental starting point in determining a reasonable attorney's fee") (internal quotation omitted); Caudle v Bristow Optical Co., Inc., 224 F.3d 1014, 1028 (9th Cir. 2000) (fee award for Title VII claim); McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995) (fee award under 42 U.S.C. § 1988).

    A.    Hourly Rate

    In determining the reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community[.]"  Blum v. Stenson, 465 U.S. 886, 895 (1984).  The court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community.  Id. at 895 n.11; see also Robins v. Scholastic Book Fairs, 928 F. Supp.

1027, 1333 (D. Or. 1996) ("In setting a reasonable billing rate, the court must consider the 'prevailing market rates in the relevant community' and determine what a lawyer of comparable skill, experience, and reputation could command in the relevant community."), aff'd, 116 F.3d 485 (9th Cir. 1997). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. E.g., McElmurry v. U.S. Bank Nat'l Ass'n., No. CV-04-642-HA, 2008 U.S. Dist. LEXIS 35905, at *8, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008).

I have reviewed the documents submitted by Plaintiff in support of its motion. Considering the OSB Economic Survey, I find that the hourly rates of the three attorneys are reasonable. Jan Sokol, an attorney with 35 years of experience, has an hourly rate of $250. Sokol Decl. ¶ 5. Jesse Ormond, an associate, has an hourly rate of $189.62. Id. Kathryn Walter, also an associate, has an hourly rate of $175. Id. The paralegals that worked on this matter had hourly rates of $130 or less (id.), which I find are reasonable as well.

B.    Hours Billed

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); see also Frank Music Corp. v. Metro-Goldwyn-Mayer,

3 - OPINION & ORDER

Inc., 886 F.2d 1545, 1557 (9th Cir. 1989) ("[p]laintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [] claims.").

In reviewing the amount of time that was billed, I find that the attorneys spent as much time as reasonably necessary to litigate the case. Sokol Decl. Ex. A. Defendants have not raised any concerns about the time billed, and I did not find unnecessary duplication of work or excessive time spent on particular tasks.

C.      Costs

In addition, Plaintiff requests $2,285.27 in costs related to copying services, legal research, and delivery services. Sokol Decl. ¶ 6. I find that these costs were reasonable and necessary in the litigation of this case.

## CONCLUSION

Based on the reasons above, Plaintiff NASIC's motion for attorney fees [#27] is granted. Plaintiff is awarded a sum of $48,941.27 in attorney's fees and costs.

IT IS SO ORDERED.

Dated this 28th day of June, 2013.

*/s/ Marco Hernandez*
MARCO HERNANDEZ
United States District Judge